IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VANELLA CAMPBELL                                                                                    PLAINTIFF

VERSUS                                                                    CIVIL ACTION NO. 2:08CV225-P-S

CITY OF CLARKSDALE, MISSISSIPPI,
GREG HOSKINS, Individually and as Chief
of Police of the City of Clarksdale, Mississippi
Police Department, HERBERT THOMAS,
DEROME BOBO, JESSIE BARNES
MYETT DAWSON, SHEAN PRESTIGE,
NICK TURNER, Individually and as Police
Officers with the City of Clarksdale, Mississippi
Police Department, and John Does 1-10                                                             DEFENDANTS

**ORDER**

This cause is before the Court on the defendants' Motion for Summary Judgment [39]. The Court, having reviewed the motion, the briefs of the parties, and being otherwise fully advised in the premises, finds as follows, to-wit:

Individual defendants Greg Hoskins, Hert Thomas, Derome Bobo, Jessie Barnes, Myett Dawson, Shean Prestige and Nick Turner seek dismissal of Campbell's various constitutional claims on the basis of qualified immunity. The doctrine of qualified immunity protects state officials from damages liability so long as the official's conduct could have reasonably been considered consistent with the rights they are alleged to have violated. Mendenhall v. Riser, 213 F.3d 226 (5th Cir. 2000). It shields "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341, 106 S. Ct. 1092 (1986). In order to abrogate the qualified immunity and subject individual officials to potential damages liability,

1

this Court must first conclude that: 1) the defendants' actions violated Campbell's clearly established constitutional rights; and 2) that the individual defendants either knew or reasonably should have known their conduct violated her constitutional rights.

A.   Claims against Officers Thomas and Barnes

Plaintiff's 42 U.S.C. § 1983 claim against defendants Thomas and Barnes stems from her July 15, 2008 arrest for blocking traffic, disorderly conduct and resisting arrest. She alleges violation of her First Amendment right to free speech, her Fourth Amendment right to be free from illegal arrest, her Sixth Amendment right to be free from "unlawful arrests and illegal detention" and her Fourteenth Amendment right to be free from same. Careful review of the record leads this Court to conclude that plaintiff has failed to come forward with any evidence of a causal connection between her arrest and her July 14, 2008 complaint of police harassment to the Mayor and Board of Commissioners.

Plaintiff also seeks recovery for unlawful arrest under the Fourth Amendment. Upon review of the record, the Court concludes that plaintiff <u>has</u> demonstrated that defendants Thomas and Barnes lacked probable cause to effect her arrest. Likewise, nothing in the record supports a finding that the officers' "mistaken conclusion" as to probable cause was objectively reasonable under the circumstances. Accordingly, the defendants are <u>not</u> entitled to qualified immunity with regard to this claim.

Plaintiff's Sixth Amendment claim fails because the constitutional amendment in question affords no protection from illegal arrest and detention. Her Fourteenth Amendment substantive due process claim--also for illegal arrest and detention, is subject to dismissal because "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more

generalized notion of substantive due process, must be the guide for analyzing these claims." Graham v. Conner, 490 U.S. 386, 108 S. Ct. 1865, 104 L.Ed.2d 443 (1989). Because the Fourth Amendment specifically protects the plaintiff from unlawful arrest and detention, plaintiff cannot otherwise state a due process claim.

B.  Claim against Officers Dawson, Prestridge and Turner

The sole basis for Campbell's § 1983 claim against defendants Dawson, Prestridge and Turner is a substantive due process claim under the Fourteenth Amendment based on an alleged invasion of privacy. Review of the record evidence demonstrates that plaintiff has failed to make out a violation of her right to privacy; accordingly, the defendants are entitled to dismissal on grounds of qualified immunity.

C.  Claim against Officer Bobo

The only basis for Campbell's § 1983 claim against defendant Bobo is a substantive due process claim under the Fourteenth Amendment based on "fear and intimidation" of Campbell during his investigation of a threat by one of plaintiff's employees.[1] Plaintiff has failed to make out a constitutional violation of any kind as to this claim. Accordingly, defendant Bobo is entitled to dismissal on grounds of qualified immunity

D.  Claims under 42 U.S.C. §§ 1985 and 1986(3)

Plaintiff also seeks recovery for conspiracy to violate her civil rights under 42 U.S.C. §§ 1985 and 1986(3). However, recovery under § 1985 requires that the conspiracy be motivated by racial animus. Because Campbell failed to make any showing in this regard, her § 1985 against all of the individual defendants is subject to dismissal. Similarly, because plaintiff failed to make out a claim under § 1985, her § 1986 claim also fails.

---

[1] Campbell actually pursued criminal charges against defendant Bobo for this alleged conduct; he was tried and acquitted.

3

E.  Claim against Chief Hoskins[2]

The aforementioned causes of action include conclusory allegations that defendant Hoskins should be individually liable based on his alleged involvement and acquiescence. However, the record reveals that Chief Hoskins did not take part in any of the events which form the basis of the specifically pled causes of action; moreover, supervisory officials cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious or respondeat superior liability. Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005). Accordingly, the claims against Chief Hoskins must be dismissed

F.  Monell Claim against the City of Clarksdale

In addition to her claims against the individual defendants, Campbell also seeks recovery against the City of Clarksdale. Municipal liability under § 1983 cannot rest solely on respondeat superior. Thus, in order to recover against the City of Clarksdale, Campbell must have suffered a constitutional injury as a direct result of a municipal policy or custom. City of Canton v. Harris, 489 U.S. 378, 109 S. Ct. 1197, 1203 (1989). Stated differently, a municipality cannot be found liable unless: 1) the municipality has an official policy, practice or custom which could subject it to § 1983 liability; the official policy must have caused a constitutional violation; and 3) the official policy must reflect the municipality's deliberate indifference to that injury. Monell v. Dep't. of Social Servs. of the City of New York, 436 U.S. 658, 690-94, 98 S. Ct. 2018 (1978). After a careful review of the summary judgment record, the Court concludes that dismissal of the plaintiff's claim against the City is proper because plaintiff has not and cannot

---

[2] The Complaint named Chief Hoskins in both his individual and official capacities. However, the official capacity claim is tantamount to a claim against the City of Clarksdale, already named as a defendant. Roberts v. City of Shreveport, 397 F.3d 287, 291 (5th Cir. 2005). Accordingly, the Court will address only the claim against Chief Hoskins in his individual capacity.

demonstrate that she suffered a constitutional injury as a result of an official policy or custom.  Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendants' Motion for Summary Judgment [39] is should be, and hereby is, GRANTED IN PART and DENIED IN PART as set forth above.  IT IS FURTHER ORDERED that the plaintiff's § 1983 claim against defendants Thomas and Barnes for violation of the Fourth Amendment proceed to a trial on the merits.  IT IS FURTHER ORDERED that plaintiff's remaining claims should be, and hereby are, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 30th day of June, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE