**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**VANELLA CAMPBELL**                                                     **PLAINTIFF**

**v.**                                                        **CIVIL ACTION+ NO.: 2:08-CV-225**

**HERBERT THOMAS, and
JESSIE BARNES**                                                  **DEFENDANTS**

## **ORDER**

Before the Court is a motion to clarify the Court's prior order [57] filed by Defendants Herbert Thomas and Jessie Barnes. In its prior order, the Court granted in part and denied in part Defendants' motion for summary judgment. In the summary judgment opinion, the Court stated as follows:

> Plaintiff also seeks recovery for unlawful arrest under the Fourth Amendment. Upon review of the record, the Court concludes that plaintiff has demonstrated that defendants Thomas and Barnes lacked probable cause to effect her arrest. Likewise, nothing in the record supports a finding that the officers' "mistaken conclusion" as to probable cause was objectively reasonable under the circumstances. Accordingly, the defendants are not entitled to qualified immunity with regard to this claim.

It is this language which is now causing confusion among the parties.

As background, it is the Defendants, not Plaintiff, that moved for summary judgment. Thus, it is the Defendants that actually sought relief from the Court. Yet, the above-cited language – when read in isolation – appears to be a grant of summary judgment *to the Plaintiff*. Given this, the Defendants seek clarification, as Plaintiff appears to be contending that such was, in effect, a sua sponte grant of "summary judgment" to Plaintiff as to liability under the Fourth Amendment.

The Court feels compelled to point out that it is not being asked to address a previous order of its own. Instead, the Court is being asked to clarify a prior judge's summary judgment ruling. Yet, when reading the aforementioned order in its entirety, this task is not as difficult as, at first glance, it might appear. In the final paragraph of the summary judgment opinion, the Court ordered as follows:

> . . . IT IS FURTHER ORDERED that the plaintiff's §1983 claim against defendants Thomas and Barnes for violation of the Fourth Amendment **proceed to a trial on the merits**.

To be sure, the order did *not* say "proceed to a trial on damages." Thus, the merits of the Fourth Amendment claim against Defendants Thomas and Barnes is all that is left for trial in this matter. That is, this trial shall go forward both on whether Defendants Thomas and Barnes had probable cause and whether they should be entitled to qualified immunity. As noted, the Court did not have before it a motion for summary judgment from the Plaintiff. Thus, the relief sought in the motion before the Court was that Defendants *were* entitled to qualified immunity and that there *was* probable cause. The Court denied such specific relief requested by Defendants and, given the last paragraph of the order as well as the procedural posture of the case, the Court did not grant the Plaintiff summary judgment on liability. While courts unquestionably obtain authority to sua sponte issue summary judgment in favor of a party under Federal Rule of Civil Procedure 56(f), the rule explicitly states that, before doing so, a court must give "notice and a reasonable time to respond." FED. R. CIV. P. 56(f). Here, no notice was given.

The Court additionally notes that, in this instance, it is not "reconsidering" the prior summary judgment order entered in this action. Instead, the Court is merely clarifying the order and outlining for the parties the contours of trial. Yet, the Court nevertheless points out that it does have "bountiful" – yet not unlimited – discretion to actually reconsider a ruling by a prior

judge. See Williams v. Bexar County, Texas, 226 F.3d 643, 2000 WL 1029171, at *2 (5th Cir. July 14, 2000). Accordingly, after reviewing the prior opinion issued in this matter, the Court finds the last paragraph unmistakably clear. This action shall proceed to trial "on the merits," as opposed to damages alone.

So ordered on this, the _6th__ day of ___February_____, 2012.

/s/  Sharion Aycock
**UNITED STATES DISTRICT JUDGE**