IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**VANELLA CAMPBELL**                                                                              **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 2:08-CV-225**

**HERBERT THOMAS, and**
**JESSIE BARNES**                                                                     **DEFENDANTS**

## ORDER

A trial in this case was held in February 2012, and the jury returned a verdict finding for Defendants. Specifically, the jury found that Defendants did not violate Plaintiff's constitutionally-protected Fourth Amendment rights. Plaintiff, Vanella Campbell, has now filed a Motion for a New Trial [95]. Plaintiff proffers three separate arguments in support of her motion. First, Plaintiff maintains that she "was excluded from presenting certain evidence to the jury regarding the circumstances immediately prior to the arrest of Plaintiff on July 15, 2008, and the evidence immediately after said arrest regarding probable cause to arrest." Second, Plaintiff contends that it was error not to submit to the jury Plaintiff's "proposed jury instruction P-7." Third, Plaintiff (re)argues a point addressed by this Court in its Order [86] regarding Defendants' previously-filed motion to clarify [57].

As to Plaintiff's exclusion of evidence argument, the Court addressed this issue in ruling on Defendants' motions in limine. Specifically, in Judge Pepper's ruling on Defendants' motion for summary judgment, he found as follows:

> Plaintiff's 42 U.S.C. § 1983 claim against defendants Thomas and Barnes stems from her July 15, 2008 arrest for blocking traffic, disorderly conduct and resisting arrest. She alleges violation of her First Amendment right to free speech, her Fourth Amendment right to be free from illegal arrest, her Sixth Amendment right to be free from "unlawful arrests and illegal detention" and her Fourteenth Amendment right to be free from same. Careful review of the record leads this Court to conclude that **plaintiff has failed to come forward with any evidence**

1

**of a causal connection between her arrest and her July 14, 2008 complaint of police harassment to the Mayor and Board of Commissioners.**

The trial in this matter, after the Court's summary judgment ruling, came down to a single issue: whether or not there was a Fourth Amendment violation and, if so, whether Defendants should be nonetheless entitled to qualified immunity. As the Court noted in its ruling on Defendants' motion in limine, the facts giving rise to the Fourth Amendment violation took place on July 15, 2008, and the events occurring on that day are the relevant events for purposes of the only claim allowed to stand after summary judgment. Judge Pepper specifically ruled that Plaintiff entirely failed to show a connection between her July 15 arrest and her July 14 complaints, and Plaintiff failed to even allege that the two Defendant officers, Thomas and Barnes, had any prior involvement with the past perceived mistreatment of Plaintiff Campbell prior to the July 15 arrest. The Court has again reviewed the complete record, trial transcripts, and the notes taken contemporaneous therewith and concludes that Plaintiff's new trial motion based on this ground should be denied.

Plaintiff next maintains that the Court erred by not giving Plaintiff's jury instruction "P-7." The Court begins by noting that this instruction was untimely. Nevertheless, however, the Court reviewed the instruction, as well as the case law relied on by Plaintiff, and found that it was not applicable to the case *sub judice*. The relevant issue was whether Defendants violated Plaintiff's federally-protected rights secured by the Fourth Amendment. The issue was not, and had never before been, whether Plaintiff had a defense to a state law violation under Mississippi law. Moreover, Plaintiff did not provide relevant proof at trial that conformed to the applicability of P-7. Accordingly, the Court concludes that a new trial is not warranted as there was no error in excluding P-7.

As to Plaintiff's third argument concerning the Court's prior summary judgment ruling, the Court issued a pretrial Order [86] concerning this issue. Before trial, the Defendants filed a motion to clarify [57] the Court's previous summary judgment opinion. In that opinion, the Court granted in part and denied in part Defendants' motion for summary judgment, stating as follows:

> Plaintiff also seeks recovery for unlawful arrest under the Fourth Amendment. Upon review of the record, the Court concludes that plaintiff has demonstrated that defendants Thomas and Barnes lacked probable cause to effect her arrest. Likewise, nothing in the record supports a finding that the officers' "mistaken conclusion" as to probable cause was objectively reasonable under the circumstances. Accordingly, the defendants are not entitled to qualified immunity with regard to this claim.

It is this language which has caused confusion among the parties. As background, the Court notes that it was the Defendants, not Plaintiff, that moved for summary judgment. Thus, it is the Defendants that actually sought relief from the Court. Yet, the above-cited language – when read in isolation – appears to be a grant of summary judgment to the Plaintiff. Given this, the Defendants sought clarification, as Plaintiff apparently was contending that such was, in effect, a sua sponte grant of "summary judgment" to Plaintiff as to liability under the Fourth Amendment.

As the Court noted in its clarification order, Defendants motion did not ask the Court to address a previous summary judgment order of its own. Instead, the Court was asked to clarify a prior judge's summary judgment ruling. When reading the aforementioned opinion in its entirety, however, this task became much simpler. In the final paragraph of the summary judgment opinion, the Court ordered as follows:

> . . . IT IS FURTHER ORDERED that the plaintiff's §1983 claim against defendants Thomas and Barnes for violation of the Fourth Amendment **proceed to a trial on the merits**.

To be sure, the order did *not* say "proceed to trial on damages alone." Accordingly, this Court concluded that the merits of the Fourth Amendment claim was ripe for trial and not disposed of by the Court sua sponte on summary judgment. As previously noted, the relief sought in the motion before the Court was that Defendants *were* entitled to qualified immunity and that there *was* probable cause. The Court denied such specific relief requested by Defendants and, given the last paragraph of the order as well as the procedural posture of the case, the Court did not grant the Plaintiff summary judgment on liability. While courts unquestionably obtain authority to sua sponte issue summary judgment in favor of a party under Federal Rule of Civil Procedure 56(f), the rule explicitly states that, before doing so, a court must give "notice and a reasonable time to respond." FED. R. CIV. P. 56(f). Here, no notice was given.

Further, in the clarification order, the Court pointed out that, while courts do have "bountiful" – yet not unfettered – discretion to actually reconsider a ruling by a prior judge, see Williams v. Bexar County, Texas, 226 F.3d 643, 2000 WL 1029171, at *2 (5th Cir. July 14, 2000), in this instance, the Court here was not actually "reconsidering" the prior summary judgment order entered in this action. Instead, the Court was merely clarifying the order and outlining for the parties the contours of trial. After reviewing the prior opinion in its entirety, the Court continues to find the last paragraph unmistakably clear. Accordingly, a new trial is not warranted, and this action aptly proceeded to trial "on the merits," as opposed to damages alone.

For the foregoing reasons, Plaintiff's motion for a new trial is DENIED.

**So ORDERED on this, the     21st     day of      May      , 2012.**

/s/   Sharion Aycock
**UNITED STATES DISTRICT JUDGE**

4